IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

**Gilfred Prince**
11103 Saddle Court.
Upper Marlboro, Maryland 20772

**Plaintiff,**

**vs.**

**SkyePoint Decisions**
45240 Business Court, Suite No.160
Sterling, VA 20166

**Defendant.**

**Case No: 17-2615**

**Jury Demand**
For Violations of 28 U.S.C § 1875 Protection of Jurors' Employment.

## Introduction

The Plaintiff Gilfred Prince by and through his undersigned counsel Dhali PLLC, file this complaint against the Defendant SkyePoint Decisions (SkyePoint), for terminating Prince while he was on active jury duty from September 12, 2017 to September 26, 2017[1] in the U.S. District Court for Greenbelt, Maryland.

Prince was employed as a contractor at the U.S Department of Labor located in Washington D.C, when he was informed by his Skyepoint supervisor on September 18, 2017, that he was being terminated from his position with the Department of Labor. Prince was a juror at that time for a criminal trial. Consequently, an action now follows against the Defendant's for violations of 28 U.S. Code § 1875, for terminating Prince while he was doing his civic duty as a juror.

[1] Jurors were excused on Mondays.

## Part I. Parties

1. Gilfred Prince is a resident of Maryland. He was employed with the Defendants on a government contract that the Defendant's had with the U.S Department of Labor, located in Washington D.C.

2. Established in 2009, SkyePoint Decisions, Inc. is a government contractor who is the federal civilian government's end-to-end secure mobility and enterprise systems resource, with the depth and breadth of experience to address all three components of a government-grade secure mobile environment (the device, the network, and the back-end systems). To that end, their clients include the U.S Department of State, the U.S Department of Treasury and the U.S Department of Labor, in Washington D.C. SkyePoint also maintains a business in Washington D.C.

## Part II. Jurisdiction & Venue

3. This Court has jurisdiction over his claims under 28 U.S.C. § 1875.

4. Venue is also proper in the District of Columbia, insofar as SkyePoint maintains a place of business in Washington D.C. and the Plaintiff was also working for the U.S Department of Labor in Washington D.C. All the business records, email communications concerning his employment and the contract with the DOL, including his DOL supervisors and assignments are in Washington D.C.

## Part III. Statement of Facts

5. Plaintiff Gilfred Prince was employed by the Defendant SkyePoint as a Systems Engineer from June 14, 2016, until the day of his termination on September 18, 2017. At the time of his termination he was earning approximately $117,000 per year.

6. SkyePoint is a government contractor. To that end, SkyePoint had a government contract with the U.S. Department of Labor (DOL) located in Washington D.C.

7. The value of this contract is approximately $10 million dollars.

8. This DOL contract was awarded to Maximus, the prime contractor. Maximus[2] inturn subcontracted with SkyePoint for the contract with DOL.

9. Gilfred started his employment with the DOL around June 4, 2016. He was employed as a Systems Engineer at the DOL.

10. When he first began his employment, he reported to Heather Pickney, and Michelle Adams, employees of Skyepoint. Pickney was his project manager.

11. Gilfreed also reported to Ellie Behzad, Government Manager and an employee of the DOL, along with Maximum employees: (i) Mitch Franklin, Program Manager; (ii) June Glen, Program Manager; (iii) Valentina McKenzie, Program Manager; (iv) Michael Mirazie, Technical Lead and (v) Dave Hamby, Team Lead at Maximus.

12. Sometime in November 2016, Pickney was replaced by Michelle Adams. Adams was now Prince's project manager. He also continued to report to Bezhad of the DOL and Franklin, Glen, McKenzie, Mirazie and Hamby of Maximus[3].

13. From November 2016 – March 2017, he worked on a Microsoft Windows 10, proof of concept project at the DOL.  A proof of concept (POC) is a demonstration, the purpose of which is to verify that certain concepts or theories have the potential for real-world application. POC is therefore a prototype that is designed to determine feasibility.

---

[2] Additional information about Maximus can be found at http://www.maximus.com/federal/

[3] Skyepoint is being placed on **notice**, that Plaintiff may upon the initiation of discovery, and the taking of depositions of the Defendant, amend the present complaint to add co-defendants Maximus as a party in this action.

14. From November 2016 – March 2017, no supervisor either at SkyePoint, Maximus or within the DOL informed him of any deficiencies in his performance and/or that he was going to be suspended or terminated.

15. From March 2017 until his termination on September 18, 2017, he worked on an Electronically Storied Information (ESI) project at the DOL.

16. On or about May 25/26, 2017, Prince had a conference call with his Skyepoint supervisors Pickney and Jeri Harden about his work at the DOL. He was told that Valentina McKenzie of Maximus had informed them (Pickney & Harden), that he (Prince) needs to participate in more projects and do more "remedy tickets." Prince informed them that he was already working on projects, but that he would be more proactive going forward. He also volunteered to work weekends.

17. From May 25/26, 2017, until the time of his termination on September 18, 2017, no further communication was held regarding his work product, that was also brought to Prince's attention.

18. On September 12, 2017, Prince started his jury duty for a criminal trial at the U.S District Court for Maryland, Greenbelt Division (Ex. A).

19. Prince informs his supervisors Adams at Skyepoint and Hamby of Maximus of his jury duty, that the trial could go on for 2-3 weeks and that he would be unavailable during this time. Both Adams and Hamby informed him that this would not be an issue.

20. Prince was a juror from September 12, 2017 – September 26, 2017 (Ex. A). Jurors were excused on Mondays.

21. On or about September 13/14, 2017, Prince contacts his supervisors Hamby of Maximus and asks if he can work the weekends and late Friday night so as to catch up on his work. Hamby informs Prince, that he will check in with the supervisor on the primary contract Mckenzie, an individual also employed with Maximus. After checking in with McKenzie, Prince was told by Hamby that he was cleared for working the weekends.

22. On Sunday September 17, 2017, his Skyepoint supervisor Adams, tells him to report to work on Monday with his laptop and badge.

23. On Monday September 18, 2017, Adams and Harden inform Prince that Maximus wanted him off the contract. Prince was surprised by this sudden removal and informs them that it was only on friday that Hamby and McKenzie of Maximus approved him to work over the weekend. Adams and Harden informed him that he had "performance" issues and that Maximus wanted him off the DOL contract.

24. This was the first time that Prince was informed of any "performance issues" with Maximus, Skyepoint Decision and/or with the DOL.

25. Prince's termination came as a surprise to him.

26. On Tuesday September 19, 2017, Prince reported back to jury duty. He would remain a juror until September 26, 2017.

27. On December 2017, Prince filed the present action in this Court.

28. From a cost benefit perspective, it is cheaper for the Defendant's to be in violation of 28 U.S.C. § 1875 and to pay any fine or back wages to the Plaintiff than to lose any multimillion dollar contract or subcontract that Skyepoint had with Maximus and/or with the DOL.

29. That is to say, the cost of settling this case is much less and cheaper for the Defendant than any loss of revenue and earnings from a $10 million contract with a third party and/or the DOL.

30. Plaintiff's position was then replaced by another male engineer who was not on jury duty.

**Part IV. Cause of Action.**
**Count I. 28 U.S.C § 1875: Protection of Jurors' Employment.**

31. Plaintiff reincorporates by reference all the allegations above.

32. Under 28 U.S.C. 1875, no employer will discharge any permanent employee by reason of the employee's jury service.

33. In the present instance, the Defendant's terminated Prince on September 18, 2017, while he was still on active jury duty. Prince was on jury duty from September 12, 2017 to September 26, 2017[4] in the U.S. District Court for Greenbelt, Maryland.

34. By reasons of such breach, Prince is entitled to all the remedies under this section, including but not limited to reinstatement, loss wages, injunctive relief and his attorney's fees. Defendant's are also liable for a civil penalty of $5,000 and community service.

**Part V. Prayer for Relief**

WHEREFORE, the Plaintiff Gilfred Prince prays that this Honorable Court:

A. Declare that the Defendant's are in violation of 28 U.S.C. Section 1875 and,

B. Award the Plaintiff reinstatement, loss wages, attorney's fees, expert and court fees incurred in this action, including pre-judgement and post judgement interest and any

[4] Jurors were excused on Mondays.

and all other damages and remedies permitted under the law, 28 U.S.C. Section 1875 and/or this Court.

**Part VI. Jury Demand**

Plaintiff requests a trial by jury on all counts.

Respectfully Submitted,

Dhali PLLC

/s/A.J Dhali, Esq.

DC Bar No. 495909
Dhali PLLC
1828 L. Street. NW. Suite 600.
Washington D.C. 20036
Telephone: (202) 556-1285
Fascimile: (202) 351-0518
ajdhali@dhalilaw.com

***Attorney for Plaintiff Gilfred Prince***

***Thursday December 7, 2017***